**Roman ALZALDE, et al., Plaintiffs,**

v.

**Ruben OCANAS, Defendant.**

**Civ. A. No. 83-C-121.**

United States District Court,
D. Colorado.

Feb. 24, 1984.

David F. Steinhoff, Charles H. Wheeler, Colo. Rural Legal Services, Inc., Denver, Colo., for plaintiffs.

Ruben Ocanas, pro se.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

CARRIGAN, District Judge.

This case, tried to the court, involves claims by migrant farmworkers that their former crew leader failed to pay and employ them as promised during late July and August, 1982. Plaintiffs are sixty-five adult and minor migrant workers from fourteen different families. All the plaintiffs are Texas residents. Defendant Ruben Ocanas hired the plaintiffs to harvest cucumbers in Colorado during the summer of 1982. Defendant was a farm labor contractor or crew leader, and as such acting as a labor broker or intermediary between the growers and the farm workers. This kind of employment practice is not uncommon in American agriculture.

Congress enacted the Farm Labor Contractor Registration Act of 1963, as amended, former 7 U.S.C. § 2041, *et seq.* (hereafter "FLCRA") to limit worker exploitation by such farm labor contractors. FLCRA recently has been suspended by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.* Plaintiffs assert their claims primarily under FLCRA, since it was the statute in effect at the time of the alleged violations. They also have alleged claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (hereafter "FLSA"), as well as under a Colorado statute (C.R.S. § 8-4-104) and the Colorado common law.

Jurisdiction is founded on former 7 U.S.C. § 2050a(a) and 28 U.S.C. § 1337. Jurisdiction of the state law claims is pendent.

Two plaintiffs appeared in person and testified at trial. Depositions of four other plaintiffs were admitted into evidence. Defendant Ocanas appeared pro se, cross-examined some of the plaintiffs' witnesses, and testified through an interpreter. I have considered all the evidence submitted as well as the arguments and statements of the plaintiffs' counsel and the defendant.

Many of the facts are undisputed. During May, June, and July, 1982, plaintiffs and the defendant agreed that the plaintiffs would come to Colorado to harvest cucumbers during late July and August, 1982. By custom, the agreements were entered into by the father or husband on behalf of his family. Wages were to be paid to the head of the household for all family members.

It is not disputed that the defendant was a farm labor contractor within the meaning of former 7 U.S.C. § 2042(b) and an employer within the meaning of 29 U.S.C. § 203(d). Nor is it disputed that the defendant's activities sufficiently affected interstate commerce to fall under both FLCRA and FLSA. The parties agree that the defendant promised to pay the plaintiffs one dollar for each sack of cucumbers picked, and that housing and utilities would be provided free of charge. These promises were kept.

Plaintiffs claim, however, that the defendant also promised to pay them a bonus of ten cents per bag of cucumbers picked. Defendant denies having made this promise, and argues alternatively that the bonus, if promised, would have been payable only upon the plaintiffs' satisfactory performance through the end of the harvest. Defendant denied that the plaintiffs performed satisfactorily or remained until the end of the cucumber harvest, but produced no evidence to support this defense. Since that is the only matter in serious dispute, I will state now my finding that the defendant did promise to pay the claimed bonus, and that the plaintiffs did

perform satisfactorily until the harvest was completed.

■ Plaintiffs also proved, and I find, that the defendant failed to comply with seven separate requirements of FLCRA. Thus I find that the defendant failed:

(1) to exhibit his farm labor contractor Certificate of Registration as required by former 7 U.S.C. § 2045(a);

(2) to provide a written copy of the terms and conditions of employment to the plaintiffs as required by former 7 U.S.C. § 2045(b);

(3) to post a written copy of the terms and conditions of employment at the job site as required by former 7 U.S.C. § 2045(c);

(4) to post a written copy of the terms and conditions of housing at the housing site as required by former 7 U.S.C. § 2045(d);

(5) to provide each plaintiff a statement of all sums paid to the defendant on account of that plaintiff's labor, as required by former 7 U.S.C. § 2045(e);

(6) to comply with the terms of the working arrangements he made with the plaintiffs as required by former 7 U.S.C. § 2044(b)(4); and

(7) to maintain records of hours worked in accordance with the FLSA, as required by former 7 U.S.C. § 2050c.

■ I find and conclude that the defendant violated each of these seven requirements of FLCRA, and committed seven violations as to each of the sixty-five plaintiffs. In so finding and concluding, I rely on *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 471–72 (11th Cir.1982). *Donovan* held that not all plaintiffs are required to testify to establish a prima facie case for a back-pay award under the FLSA. The *Donovan* reasoning applies equally to FLCRA cases, especially when one considers the highly-mobile life styles of migrant workers and the practical barriers to judicial access that would be imposed if all were required to attend and testify in person. Their testimony would be cumulative, at least in cases like this one where only one crew leader is involved and all violations are claimed to have occurred at the same location during the same harvest. Defendant of course had the opportunity to rebut the plaintiffs' claims and in fact should have been the custodian of any rebuttal evidence. Defendant Ocanas failed to produce such evidence.

■ I further find and conclude, pursuant to former 7 U.S.C. § 2050a(b), that all the defendant's violations were willful. Plaintiffs' Exhibits 1 through 4 establish that the defendant had been a party defendant to an earlier FLCRA action in this district. *Gaytan, et al. v. L.M.J. Container Corp., et al.*, Civil Action No. 81–F–1029. I find that the defendant is, or should have been, well aware of his obligations under FLCRA, and that he willfully committed the violations complained of in this suit.

Because of this finding of willfulness, I award the statutory amount of liquidated damages, which is $500.00 for each violation. Since sixty-five plaintiffs are involved, and since seven violations were committed against each plaintiff, the total amount of damages under former 7 U.S.C. § 2050a(b) is $227,500.00. Plaintiffs also have requested damages for unpaid minimum wages and bonuses under FLSA, and for the Colorado penalty for unlawfully withholding wages provided in C.R.S. § 8–4–104. Section 2050a(b) liquidated damages are alternative to actual damages, however, and are far greater in amount than the state law penalty under these facts. To avoid duplicative remedies, I decline to award the additional $54,315.91 requested in damages.

Plaintiffs also have requested a permanent injunction against the defendant prohibiting any future violations of FLCRA's successor legislation, the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.* Because of the defendant's past willful conduct, such an injunction is appropriate, and the defendant is enjoined pursuant to 29 U.S.C. § 2041 *et seq.*

Accordingly,

IT IS ORDERED that the Clerk of this Court shall enter judgment in favor of each plaintiff and against the defendant Ruben Ocanas in the amount of $3,500.00, or a total of $227,500.00, for willful violations of the Farm Labor Contractor Registration Act, former 7 U.S.C. § 2041 *et seq.* Plaintiffs are entitled to their costs as prevailing parties.

It is further ORDERED that the defendant Ruben Ocanas is enjoined from any future violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.*